

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00794-CV

**IN THE INTEREST OF D.E.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-02843
Honorable Richard Garcia, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  March 12, 2014

AFFIRMED

Alfred E. appeals the trial court's order terminating his parental rights to his daughter D.E. On appeal, Alfred E. argues the evidence is legally and factually insufficient to support the trial court's finding that termination was in his daughter's best interest. We affirm.

## BACKGROUND

Only two witnesses testified at the termination hearing: Jennifer Scardino, a conservatorship caseworker for the Department, and Teresa Barrios, an adoption prep worker for the Department. Scardino testified that D.E. was currently thirteen years-old and her mother's parental rights had already been terminated in a previous hearing. D.E. had been removed from Alfred E.'s home when D.E. told an investigator that "her father uses and sells drugs and that they had gotten into an altercation." According to Scardino, D.E. also stated that Alfred E. had assaulted

her. Scardino testified that Alfred E. had not completed his service plan. He attended only one parenting class and appeared at that class intoxicated. Alfred E. did not have any in-person visits with D.E. during the pendency of this case because he had not passed a drug test. His only contact with D.E. had been a weekly telephone call. On June 22, 2013, he took a drug test, and the results were positive for marijuana. Thereafter, he did not appear for mandated drug tests. According to Scardino, on July 12, 2013, Alfred E. stated in a text message to her that "he was going to admit himself into an alcohol rehab so he could stop drinking." He stated in the message, "All I'm doing is hurting myself and [D.E.]." Although drug treatment was part of Alfred E.'s service plan, he had not engaged in or completed any sort of drug treatment.

Scardino also testified to Alfred E.'s inability to provide a safe and stable environment for D.E. According to Scardino, Alfred E. had not provided or shown any proof of income. And, he had been moving from place to place and did not have a stable home.

With respect to D.E., Scardino testified that D.E. was currently placed at Children's Hope, a residential treatment center. She had previously been a patient at Laurel Ridge, another residential treatment center. D.E. had engaged in destructive behaviors and had mental health issues related to a sexual assault. According to Scardino, D.E. was progressing at Children's Hope and was off all her medications except one, which had been prescribed for sleep problems. Scardino testified that D.E. was engaging in therapy and was working through issues related to past sexual abuse. Although D.E. still engaged in some destructive behaviors, the incidents were not as frequent as before. Scardino testified that Alfred E. had not shown any ability to deal with D.E.'s behavior and mental health issues. Thus, Scardino testified that it was in D.E.'s best interest to terminate Alfred E.'s parental rights. She testified that the long-term placement plan for D.E. was unrelated adoption.

Barrios testified that she did not presently have a placement for D.E. once D.E. left the residential treatment center. According to Barrios, her job is to find a permanent placement for D.E.

### TERMINATION OF PARENTAL RIGHTS

Parental rights may be terminated only upon proof of clear and convincing evidence that (1) the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code, and (2) termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013). When the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West 2008). And, in determining whether the child's parents are willing and able to provide the child with a safe environment, the court should consider the following: the child's age and physical and mental vulnerabilities; the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; and whether the child's family demonstrates adequate parenting skills, including providing the child with minimally adequate health and nutritional care, a safe physical home environment, and an understanding of the child's needs and capabilities. *Id.* § 263.307(b). In addition, courts may consider other nonexclusive factors in reviewing the sufficiency of the evidence to support the best interest finding, including (1) the desires of the child, (2) the present and future physical and emotional needs of the child, (3) the present and future emotional and physical danger to the child, (4) the parental abilities of the persons seeking custody, (5) the programs available to assist those persons seeking custody in promoting the best interest of the child, (6) the plans for the child by the individuals or agency seeking custody, (7) the stability of the home or proposed placement,

(8) acts or omissions of the parent which may indicate the existing parent-child relationship is not appropriate, and (9) any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). This list is not exhaustive, and evidence is not required on all of the factors to support a finding terminating a parent's rights. *Id.*; *In re D.R.A.*, 374 S.W.3d 528, 533 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Here, Alfred E. challenges the best-interest finding, arguing the evidence is legally and factually insufficient. When the legal sufficiency of the evidence is challenged, we look at all the evidence in the light most favorable to the trial court's finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). "To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.* "If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id.* at 344-45.

When a parent challenges the factual sufficiency of the evidence on appeal, we look at all the evidence, including disputed or conflicting evidence. *Id.* at 345. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* In reviewing termination findings for factual sufficiency,

we give due deference to the factfinder's findings and do not supplant its judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).

On appeal, Alfred E. argues that the evidence is insufficient to support a best-interest finding because there was no evidence presented at the hearing with respect to every *Holley* factor. However, the factors listed in *Holley* do not constitute an exhaustive list, and evidence is not required on all of the factors to support a finding terminating a parent's rights. *Holley*, 544 S.W.2d at 372; *In re D.R.A.*, 374 S.W.3d at 533.

At the termination hearing, there was testimony that D.E. had engaged in destructive behaviors, was being treated for mental health problems, was currently engaging in therapy, and was progressing in her treatment. D.E. had been able to stop taking all her medications except one for sleep problems. There was also evidence that Alfred E. had suffered from drug and alcohol issues, had failed his drug test, and then had not appeared for subsequent drug tests. Once D.E. was removed from Alfred E.'s home, Alfred E. did not have any in-person contact with D.E. because he did not take mandated drug tests. There was also evidence that Alfred E. did not have stable employment. Nor did Alfred E. have a stable home. He attended a parenting class once, but showed up to the class intoxicated. And, there was evidence that he had not shown he could deal with D.E.'s destructive behaviors and mental health issues. In reviewing the record, we hold the evidence is legally and factually sufficient to support the trial court's finding that termination of Alfred E.'s parental rights is in D.E.'s best interest.

We affirm the trial court's Order of Termination.

Karen Angelini, Justice